UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GABRIELLE F. GAINES** | * | **CIVIL ACTION** |
| *Plaintiff,* | * | |
| | * | **NO.** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **BIG EASY BLENDS, L.L.C.** | * | |
| *and* **JOSE NOBRE** | * | |
| *Defendants.* | * | **MAGISTRATE JUDGE:** |
| ****************************************** | | |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Gabrielle Gaines who for her Complaint for Damages avers as follows:

### I. PARTIES

1. Gabrielle Gaines ("Plaintiff") is a person of the full age of majority and a resident citizen of the State of Nevada.

2. Named as Defendants are:

    A. Big Easy Blends, L.L.C. (hereinafter "Big Easy Blends"), a limited liability company organized and existing under the laws of the State of Louisiana with its principle place of business in New Orleans, Louisiana; and

    B. Jose Nobre (hereinafter "Nobre"), a person of the full age of majority who, upon information and belief, presently resides and is domiciled in New Orleans, Louisiana.

## II. JURISDICTION

3. Subject matter jurisdiction is conferred on this Honorable Court pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based, in part, upon Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq*.

4. This Court, pursuant to 28 U.S.C. § 1367(a), has supplemental jurisdiction over all other claims asserted under the laws of the State of Louisiana.

## III. VENUE

5. Venue is proper in the Eastern District of Louisiana pursuant to:

    A. 28 U.S.C. § 1391(b)(1) because, upon information and belief, one or more of the defendants reside in this district; and/or

    B. 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## IV. FACTUAL ALLEGATIONS

6. At all times relevant, Big Easy Blends was engaged in the business of manufacturing and selling pouched drinks, and was Nobre's employer.

7. Big Easy Blends employs over fifteen persons.

8. In April 2016, Plaintiff was employed by Labor Ready, Inc. ("Labor Ready"), a staffing agency company. Labor Ready assigned Plaintiff to work for Big Easy Blends where she started working in the pouching department, and was later moved to the cleaning packaging department.

9. Nobre, at all times relevant, was an employee of Big Easy Blends, and was Plaintiff's immediate supervisor.

10. Nobre approached Plaintiff with an offer to work as his assistant, with a thirty day probation period. Plaintiff was excited about the opportunity and gladly accepted the position.

11. Soon thereafter, Nobre began to engage in inappropriate behavior toward Plaintiff, including touching Plaintiff's breasts and bottom, telling jokes of a sexual nature, describing his sexual experiences [with others] to Plaintiff.

12. Plaintiff started to feel concerned and uncomfortable because each encounter with Nobre escalated in the amount of inappropriate behavior.

13. Because Nobre was her supervisor, and Plaintiff hoped to gain full time employment with Big Easy Blends, she was nervous about how to handle the inappropriate behavior.

14. Plaintiff spoke with other employees, and quickly learned that it was common knowledge within the work place that because Nobre engaged in inappropriate with females, several women had quit for that reason.

15. At a fellow employee's recommendation, Plaintiff started to record her encounters with Nobre, and now has several recordings of conversations and videos of Nobre's inappropriate behavior at the work place.

16. One such encounter occurred while Plaintiff was traveling with Nobre to pick up parts for the company. Nobre began asking Plaintiff very inappropriate questions such as, *e.g.*, "have you ever had a finger in your anus," "have you ever had a finger on your clitoris," etc.

17. Additionally, Nobre told Plaintiff a story about a woman who had two clitorises, and that the woman would play with herself and let people watch through a window. This conversation, as well as others, was recorded by Plaintiff on her cell phone.

18. On June 20, 2016, during another work-related trip in Nobre's vehicle, Nobre unbuckled Plaintiff's seat belt and stuck his hand down the front of Plaintiff's pants. Plaintiff was in shock and did not know how to respond, because they were in a moving vehicle with Nobre driving. Had Plaintiff hit Nobre or taken any other action, she might have caused Nobre to lose control of the vehicle, or worse, Nobre may have driven her to a remote location and hurt her.

19. Plaintiff was worried about her safety and calmly asked Nobre several times if he was "done." Nobre withdrew his hand and smelled his fingers. This sexual battery was recorded in video on Plaintiff's cell phone.

20. Plaintiff made it safely back to the work place and then immediately reported the sexual battery to Labor Ready, Big Easy Blends, and the Jefferson Parish Sheriff's Office ("JPSO").

21. On or about June 21, 2016, Plaintiff was discharged from Big Easy Blends. On information and belief, Plaintiff was not provided with a reason for the action taken against her.

22. On information and belief, Big Easy Blends and Nobre made false and disparaging statements about Plaintiff to JPSO and other third parties with actual malice and/or reckless disregard for the truth.

23. Plaintiff filed a "Charge of Discrimination" with the Louisiana Commission on Human Rights. This Charge of Discrimination was forwarded to the U.S. Equal Employment Opportunity Commission ("EEOC"), New Orleans District Office.

24. The EEOC sent a letter of acknowledgment to Plaintiff on November 16, 2016 and assigned Charge No. 461-2017-00294.

25. On or about April 24, 2017, Big Easy Blends was put on notice that Plaintiff intended to pursue claims of discrimination based on sex pursuant to Louisiana law.

26. On June 6, 2017, the EEOC issued a Notice of Right to Sue on the grounds that more than 180 days had passed since the filing of the Charge of Discrimination and the EEOC was terminating its processing of the charge.[1]

27. Plaintiff has met all administrative prerequisites for the bringing of this action.

## COUNT ONE: SEXUAL HARASSMENT

28. Plaintiff reincorporates all of the allegations contained in paragraphs 1 through 27, *supra*, as if set forth *in extenso*.

29. The acts described above constitute discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e, *et seq.*, and Louisiana's Employment Discrimination Laws, La. R.S. 23:301, *et seq.*, thus rendering Defendants liable unto Plaintiff for compensatory and punitive damages.

## COUNT TWO: SEXUAL ASSAULT AND BATTERY

30. Plaintiff reincorporates all of the allegations contained in paragraphs 1 through 29, *supra*, as if set forth *in extenso*.

31. Nobre is liable to Plaintiff under La. C.C. art. 2315, *et seq.*, for reason of his non-consensual sexual battery and his unwonted invasions of her person as described above.

32. Big Easy Blends is vicariously liable for Nobre's tortious acts pursuant to La. C.C. art. 2320.

---

[1] *See* Exhibit "A."

33. Defendants are liable, jointly, severally, and *in solido*, for damages to Plaintiff, and for other appropriate relief, by reason of the aforesaid acts of sexual assault and battery.

### COUNT THREE: DEFAMATION

34. Plaintiff reincorporates all of the allegations contained in paragraphs 1 through 33, *supra*, as if set forth *in extenso*.

35. Defendants have defamed Plaintiff by making derogatory statements about her morality and character to third parties, with malice and reckless disregard for the truth of such statements.

36. Defendants' defamatory statements are actionable wrongs under La. C.C. art. 2315, for which they are liable to Plaintiff jointly, severally, and *in solido*, for damages and other appropriate relief.

37. Big Easy Blends is liable individually, and is vicariously liable for Nobre's tortious acts pursuant to La. C.C. art. 2320 and under the doctrine of *respondeat superior*.

### COUNT FOUR: RETALIATORY DISCHARGE

38. Plaintiff reincorporates all of the allegations contained in paragraphs 1 through 37, *supra*, as if set forth *in extenso*.

39. As a consequence of her complaint of discrimination, Plaintiff's employment was terminated by Big Easy Blends.

40 Big Easy Blends' retaliatory discharge of Plaintiff is an intentional, actionable wrong under La. C.C. art. 2315, for which it is liable to Plaintiff in damages.

## V. DAMAGES

41. As a result of Defendants' misconduct, as set forth above in Count One through Count Four, Plaintiff is entitled to recover general and special damages reasonable under these premises, as contemplated by the Louisiana Civil Code and Title VII of the Civil Rights Act.

42. As a result of Defendants' misconduct, as set forth above in Count One, Plaintiff is also entitled to recover punitive damages under Title VII of the Civil Rights Act.

## VI. REQUEST FOR TRIAL BY JURY

43. Pursuant to Fed. R. Civ. P. 38, Plaintiff requests a trial by jury.

## VII. PRAYER FOR RELIEF

44. **WHEREFORE,** Plaintiff Gabrielle Gaines prays:

   A. That Defendants, Big Easy Blends, L.L.C. and Jose Nobre, be served with copies of Summons and this Complaint for damages;

   B. That they serve their answers thereto;

   C. That there be trial by jury;

   D. That after the expiration of all lawful delays and due proceedings are had, there be judgment entered in Plaintiff's favor and against Defendants, jointly, severally, and *in solido*, for:

   1. General damages reasonable under these premises;

   2. Special damages reasonable under these premises;

   3. Punitive damages reasonable under these premises;

   4. Legal interest on all money damages awarded from the date of judicial demand until the same are fully paid; and

      5.    All costs and attorney fees that are allowed by law; and

E.    Such other relief as the interests of justice may require.

          Respectfully submitted,

          /s/ *Richard M. Martin, Jr.*
          FRANK E. LAMOTHE, III, T.A., (#07495)
          RICHARD M. MARTIN, JR., (#08998)
          LAMOTHE LAW FIRM, LLC
          400 Poydras Street, Suite 1760
          New Orleans, LA 70130
          Telephone: (504) 704-1414
          Facsimile: (985) 249-6006
          E-mail: felamothe@lamothefirm.com
                  rmartin@lamothefirm.com

          *Attorneys for Gabrielle Gaines*